UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
MOHAMAD IBRAHIM SHNEWER,           :
                                   :    Civ. No. 13-3769 (RBK)
            Petitioner,            :
                                   :
      v.                           :    **MEMORANDUM AND ORDER**
                                   :
UNITED STATES OF AMERICA,          :
                                   :
            Respondent.            :
_____:

    Petitioner is a federal prisoner proceeding *pro se* with an motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On December 16, 2013, respondent filed an answer and a motion to dismiss the § 2255 motion. On March 5, 2014, the Court received petitioner's reply to his § 2255 motion and memorandum of law in support of his § 2255 motion.

    On March 12, 2014, respondent renewed its request to conduct discovery. More specifically, respondent seeks to interview and obtain information from petitioner's former counsel, Rocco C. Cipparone, Jr., Esq., as petitioner has raised ineffective assistance of counsel arguments in his § 2255 motion.

    Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provide that a court may for good cause authorize a party to conduct discovery pursuant to the Federal Rules of Criminal or Civil Procedure. Federal Rule of Civil Procedure 26(b)(1) permits discovery if the information requested is both relevant and non-privileged. "When a habeas petitioner claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications." *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009). Several courts have also noted that the rule applies

to the attorney's work product.  *See Gary v. Hall*, 558 F.3d 1229, 1249 n. 36 (11th Cir. 2009) ("Gary's habeas allegations that [counsel] rendered ineffective assistance of counsel . . . operated to waive the attorney-client privilege and any claim to work product Gary may have had."); *Bittaker v. Woodford*, 331 F.3d 715, 722 n. 6 (9th Cir. 2003) (en banc) ("Although our decision is couched in terms of the attorney-client privilege, it applies equally to the work product privilege, a complementary rule that products many of the same interests.") (citation omitted); *United States v. Basham*, Crim. No. 02-992, 2012 WL 1130657, at *2 (D.S.C. Apr. 4, 2012). While a petitioner impliedly waives his attorney-client privilege when raising an ineffective assistance of counsel claim, "such waiver is narrow and does not extend beyond the adjudication of the ineffectiveness claim in the federal habeas proceeding."  *Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 2770 (2013); *see also United States v. Scalise*, Civ. No. 12-61, 2012 WL 2367849, at *7 (W.D. Pa. June 21, 2012) ("The waiver is limited to conversations that bear on the strategic choices at issue.") (citations omitted).

In light of petitioner's ineffective assistance of counsel arguments raised in his § 2255 motion, the Court finds there is good cause to grant respondent's request for discovery. Respondent shall be permitted to interview and seek information from Mr. Cipparone (including documents), but only regarding information that relates to the subject matters of petitioner's various ineffective assistance of counsel arguments set forth in his § 2255 motion.

Accordingly, IT IS on this ___25th___ day of ___March___ , 2014,

ORDERED that respondent shall be permitted to file a sur-reply to petitioner's § 2255 motion/reply to respondent's motion to dismiss within sixty (60) days of the date of this Order; and it is further

ORDERED that respondent's renewed request for discovery is granted; respondent may interview petitioner's former counsel, Rocco C. Cipparone, Jr., Esq., to make inquiries and obtain information (including documents) that relate to the subject matters of petitioner's ineffective assistance of counsel arguments set forth in his § 2255 motion.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge
