UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
MOHAMAD IBRAHIM SHNEWER,        :
                                :
        Petitioner,              :        Civ. No. 13-3769 (RBK)
                                :
    v.                           :        **MEMORANDUM AND ORDER**
                                :
UNITED STATES OF AMERICA,        :
                                :
        Respondent.              :
_____ :

Petitioner is a federal prisoner proceeding *pro se* with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Among his claims, petitioner asserts that trial counsel was ineffective in failing to communicate to him that the prosecutors had raised the possibility of a guilty plea.

Respondent has submitted a declaration from William E. Fitzpatrick, the lead prosecutor during petitioner's criminal trial in its response.  Title 28 of the United States Code § 1746 states as follows:

> Wherever, under any law of the United State or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> . . . .
> (2) If executed within the United States, its territories, possessions, or commonwealths:  "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on (date).

28 U.S.C. § 1746.  Thus, under the statute, unsworn declarations are permissible if they conform to § 1746's requirement that the declarant states that the contents of his declarations are true, subject to penalty of perjury.  *See Phillis v. Harrisburg Sch. Dist.*, 430 F. App'x 118, 122 (3d Cir. 2011) (citing FED. R. CIV. P. 56(c); *Woloszyn v. Cnty. of Lawrence*, 396 F.3d 314, 323 (3d Cir. 2005)).

In this case, while Mr. Fitzpatrick's declaration refers to § 1746 and he states that the statements in his declaration are true to the best of his knowledge, his declaration does not specifically state that it is made under penalty of perjury as petitioner notes in his reply.  (*See* Dkt. No. 12 at p. 14-15.)  Therefore, his declaration, as is, will not be considered by this Court and will be struck.  *See Franklin Mut. Ins. Co. v. Broan-Nutone, LLC*, No. 10-4845, 2014 WL 2920622, at *2 (D.N.J. June 27, 2014) (stating that court will not consider certification on grounds that it failed to conform to the requirements of 28 U.S.C. § 1746) (citing *Phillis*, 430 F. App'x at 122); *Bond v. Taylor*, No. 07-6128, 2009 WL 2634627, at *2 (D.N.J. Aug. 24, 2009) ("Courts in the District of New Jersey have held that language that omits the phrase 'under penalty of perjury' are inadequate under 28 U.S.C. § 1746.") (citing *Cooper v. Cape May Cnty. Bd. of Soc. Servs.*, 175 F. Supp. 2d 732, 742 n.6 (D.N.J. 2001); *United States v. Branella*, 972 F. Supp. 294, 300 (D.N.J. 1997)).  Nevertheless, respondent shall be given the opportunity to correct this deficiency by submitting a declaration from Mr. Fitzpatrick that complies with § 1746's requirement that the declaration be sworn under penalty of perjury.

Accordingly, IT IS on this   22nd   day of   January,  2015,

ORDERED that Mr. Fitzpatrick's declaration (Dkt. No. 10-1 at p. 1-3.) is stricken from the record and will not be considered in analyzing petitioner's § 2255 motion because it does not comply with 28 U.S.C. § 1746; and it is further

ORDERED that respondent shall have twenty-one (21) days in which to submit a declaration from Mr. Fitzpatrick that complies with 28 U.S.C. § 1746 should it elect to do so.

s/Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge